UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AVANTIS PARKER,

    Petitioner,

                                      Civil Action No. 17-CV-11962

v.

                                      HON. BERNARD A. FRIEDMAN

ANTHONY STEWART,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S APPLICATIONS
FOR A WRIT OF HABEAS CORPUS, DENYING PETITIONER'S MOTIONS
FOR A STAY AND FOR DISCOVERY, AND DECLINING TO ISSUE
A CERTIFICATE OF APPEALABILITY**

        In 2013, petitioner pled guilty to interfering or tampering with a witness and second-degree murder pursuant to a plea and sentencing agreement that called for a sentence of twelve and one half to fifteen years in prison. The trial court sentenced petitioner to ten to fifteen years in prison. The Michigan Court of Appeals reversed the trial court's sentence and remanded the case because the trial court did not inform the prosecution of its intended sentence or give the prosecutor an opportunity to withdraw the plea agreement before imposing the sentence. Now before the Court are petitioner's applications for a writ of habeas corpus [docket entries 1 and 3], his motions to stay the trial court's anticipated proceeding on remand from the Michigan Court of Appeals [docket entries 2 and 4], and his motion for discovery [docket entry 15]. Petitioner contends that the Court of Appeals' decision violates his double-jeopardy and due process rights. For the reasons that follow, the petitions and motions are denied.

I. Background

Petitioner currently is incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan. In 2013, he was charged in Washtenaw County, Michigan with (1) open murder, (2) possession of a firearm by a felon, (3) possession of a firearm during the commission of, or attempt to commit, a felony, (4) carrying a concealed weapon, (5) first-degree (premeditated) murder, and (6) interfering or tampering with a witness. The charges arose from the fatal shooting of Brandon Charles in Ypsilanti Township on January 29, 2013. The prosecution's theory was that petitioner aided and abetted two co-defendants by driving them to the location where Charles was shot and killed.

On September 16, 2013, petitioner pled guilty to count six (interfering or tampering with a witness), Mich. Comp. Laws § 750.122, and to an added count of second-degree murder, Mich. Comp. Laws § 750.317. He also pled guilty to being a fourth habitual offender. In return for petitioner's plea and promise to testify for the prosecution in related matters, the prosecution agreed to dismiss the first five counts against petitioner. Additionally, the parties agreed that the sentence would be two concurrent terms of twelve and one half to fifteen years in prison.

Sentencing was deferred to enable petitioner to satisfy his obligation to testify for the prosecution in other hearings and trials pertaining to Charles' murder. Petitioner proceeded to assist prosecutors in ways not contemplated by the parties at the time of his guilty plea. He was also inadvertently jailed for a brief time with one of the men who was involved in Charles' murder. Consequently, before petitioner's sentencing in 2015, his attorneys prepared a sentencing memorandum in which they explained the impact and extent of petitioner's

2

cooperation with prosecutors and the threats that were directed at petitioner and his family. The memorandum asked the trial court to consider sentencing petitioner to a more lenient sentence than the one contemplated in the parties' plea and sentencing agreement. The defense attorneys provided a copy of their sentencing memorandum to the prosecuting attorney, who edited the memorandum but did not file a written response to it.

At petitioner's sentencing on February 11, 2015, defense counsel summarized petitioner's cooperation with the prosecution during the period between petitioner's plea hearing and the sentencing date. Defense counsel then asked the trial court to sentence petitioner to less than twelve and ond half to fifteen years in prison. The prosecutor did not object to the factual basis for defense counsel's request. In fact, she stated that she disagreed with little, if anything, that defense counsel had said. However, she asked the trial court to sentence petitioner pursuant to the plea and sentencing agreement. The trial court granted petitioner's request and sentenced petitioner to concurrent terms of ten to fifteen years. As promised, the prosecutor prepared an order dismissing the first five counts against petitioner. The order was filed on February 12, 2015, and on February 20, 2015, the judgment of sentence was entered on the docket.

On February 26, 2015, a different prosecuting attorney filed a "Motion to Correct an Invalid Sentence." The trial court held a hearing on the motion and subsequently denied it in a written opinion. *See People v. Parker*, No. 13-157FC, Op. and Order of the Court Denying Pl.'s Mot. to Correct Invalid Sentence (Washtenaw Cty. Cir. Ct. June 24, 2015) (unpublished). The trial court noted that the prosecutor had not objected to the court's reliance on an unpublished decision to justify imposing a lower sentence and that the prosecutor also did not ask to withdraw from the plea and sentencing agreement. The trial court concluded that its

sentence was valid.

The prosecution appealed the trial court's decision. The Michigan Court of Appeals reversed the sentence and remanded the case to the trial court. *See People v. Parker*, No. 328323, 2016 WL 6905723 (Mich. Ct. App. Nov. 22, 2016) (unpublished). The Court of Appeals determined that the trial court had erred by failing to alert the prosecution before sentencing petitioner of the sentence that it intended to impose and by failing to give the prosecution an opportunity to withdraw the plea agreement. The Court of Appeals based its decision primarily on *People v. Siebert*, 450 Mich. 500; 537 N.W.2d 891 (1995), in which the Michigan Supreme Court stated that

> a prosecutor, like a defendant, is entitled to learn that the judge does not intend to impose the agreed-upon sentence, to be advised regarding what the sentence would be, and given an opportunity to withdraw from the plea agreement . . . . In a case where the prosecutor has lowered the charges against the defendant – reducing either the number of counts charged or the level of those charges – with the understanding of a certain minimum sentence, the agreement is conditioned upon imposition of the specified sentence. Were a court allowed to maintain its acceptance of the plea over the prosecutor's objection, it would effectively assume the prosecutor's constitutional authority to determine the charge or charges a defendant will face.
>
> Therefore, the trial court's exclusive authority to impose sentence does not allow it to enforce only parts of a bargain. A court may not keep the prosecutor's concession by accepting a guilty plea to reduced charges, and yet impose a lower sentence than the one for which the prosecutor and the defendant bargained. Accepting a plea to a lesser charge over the prosecutor's objection impermissibly invades the constitutional authority of the prosecutor. When a court receives information that in its judgment dictates a lower sentence, it must alert the prosecutor of the sentence it intends to impose and allow the prosecutor to withdraw from the plea.

*Id.*, 450 Mich. at 510-11; 537 N.W.2d at 895-96 (internal citations omitted).

4

The Michigan Court of Appeals stated that in petitioner's case "a sentence in defiance of a sentencing agreement is deemed invalid if the court does not follow the procedure outlined in *Siebert*." *Parker*, 2016 WL 6905723, at *4. The Court of Appeals concluded that plain error occurred at petitioner's sentencing, that a remand was necessary, and that a "remand for sentencing in the face of an invalid sentence does not violate double jeopardy principles." *Id.* The Court of Appeals stated that, on remand, petitioner could

> elect to "reaffirm" his plea agreement, ask the trial court for specific performance of the sentencing agreement, and accept a sentence of 12½ to 15 years. *See People v. Killebrew*, 416 Mich. 189, 209–210; 330 NW2d 834 (1982). Alternatively, the prosecution may accede to the sentence imposed, essentially entering into a new sentencing agreement. Should the prosecutor persist, defendant or the trial court may decline to abide by the sentence agreement. The court must then allow the prosecution an opportunity to withdraw the plea agreement. *Id.* at 510. If the agreement is withdrawn, "the case may proceed to trial on any charges that had been brought or that could have been brought against the defendant if the plea had not been entered." MCR 6.312.

*Id.* Petitioner appealed to the Michigan Supreme Court. On May 10, 2017, that court denied leave to appeal because it was not persuaded to review the issues. *See People v. Parker*, 894 N.W.2d 546 (Mich. 2017).

On June 20, 2017, petitioner commenced the instant action by filing a habeas corpus petition and a motion to stay the state trial court's anticipated proceeding on remand. On June 21, 2017, petitioner filed an amended petition and an amended motion for a stay of the state court proceeding.

Respondent recently filed an answer to the habeas petition and the amended motion for a stay. He contends that (1) the state appellate court's finding that petitioner's

5

sentence was invalid does not present a cognizable claim on federal habeas review; (2) the state appellate court reasonably rejected petitioner's double jeopardy claim; and (3) the State's appeal was not vindictive, such that it deprived petitioner of due process. Respondent urges the court to deny petitioner's habeas petition and his motion for a stay.

On August 2, 2017, petitioner filed a motion for discovery and a reply to respondent's answers to his petition and motion for a stay. He contends that respondent misapprehends his claims, argues inapplicable law, and misstates the record.

II. Preliminary Issues

Two initial issues must be addressed: the doctrine of ripeness and the standard of review.

A. Ripeness

> [T]he concept of ripeness is intended "to prevent the courts . . . from entangling themselves in abstract disagreements." *Abbott Laboratories v. Garnder*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Ripeness, which focuses on "avoidance of premature adjudication," *id.*, requires consideration of two factors. First, the Court must address the "fitness of the issues for judicial decision." *See id.* at 149, 87 S.Ct. at 1515. Second, the Court must evaluate "the hardship to the parties of withholding court consideration." *Id*.

*United States v. Sparks*, 687 F. Supp. 1145, 1148 (E.D. Mich. 1988).

Petitioner's double jeopardy and due process claims raise federal constitutional issues which are fit for judicial decision, and it appears inevitable that petitioner will be re-sentenced or tried in the near future. The parties require a decision on the constitutional issues in order to make intelligent and informed choices on remand in the state trial court. Therefore, withholding a decision would cause a hardship. The case is ripe for review.

6

B. Standard of Review

Petitioner filed his amended petition under 28 U.S.C. § 2241, which states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This is a "general grant of habeas authority to the federal courts." *Phillips v. Court of Common Pleas, Hamilton Cty, Ohio*, 668 F.3d 804, 809 (6th Cir. 2012). The more specific habeas statute, 28 U.S.C. § 2254, applies "to a subset of prisoners: those 'in custody pursuant to the judgment of a State court.'" *Id.* (*quoting* 28 U.S.C. § 2254(a)) (emphasis omitted). The standards that apply to § 2241 petitions are significantly less demanding than the standard which applies to § 2254 petitions. *Id.* at 810. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Petitioner currently is in custody pursuant to the judgment of a state court. Although the Michigan Court of Appeals determined that the trial court did not use the proper procedure when sentencing petitioner to a lower sentence than the parties initially contemplated, the Court of Appeals did not vacate petitioner's convictions. Therefore, it is at least arguable that § 2254, with its deferential standard, applies to this case. Nevertheless, the

7

Court finds it unnecessary to decide whether de novo review under § 2241 or the deferential review under § 2254 applies, because petitioner's claims fail under either standard.

III. Analysis

   A. Double Jeopardy

Petitioner claims that the state appellate court's decision reversing the trial court and remanding his case for further proceedings violates his right to be free from double jeopardy.

   1. Waiver Versus Forfeiture

As a preliminary matter, petitioner claims that the prosecution waived its opposition to the trial court's sentence by not objecting to his request for a more lenient sentence. The trial court implicitly agreed with petitioner, but the Michigan Court of Appeals concluded that the prosecutor did not waive her right to withdraw the plea agreement. The Court of Appeals, reviewed the prosecutor's challenge to the trial court's decision for "plain error" because the prosecutor did not specifically request to withdraw the plea agreement at petitioner's sentencing.

In *United States v. Olano*, 507 U.S. 725 (1993), the Supreme Court explained that "[w]aiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.'" *Id*. at 733 (*quoting Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)).

It is true that the prosecutor did not seek to withdraw the plea and sentencing agreement when defense counsel asked the trial court for a more lenient sentence than the sentence negotiated by the parties. She also "disagree[d] with very little, if anything" that defense counsel said to the trial court at petitioner's sentencing. (2/11/15 Sentencing Hr'g at

18.) And, after petitioner's sentencing, she submitted an order that dismissed the first five counts against petitioner. *See People v. Parker*, No. 13-157 FC, Order Dismissing Count I, I, III, IV, and V (Washtenaw Cty. Cir. Ct. Feb. 12, 2015).

However, at petitioner's sentencing, the prosecutor asked the trial court "to follow the recommendation of probation, which [was] consistent with the sentencing agreement that was reached between the parties." (2/11/15 Sentencing Hr'g at 16.) She also argued most of the items defense counsel was asking the trial court to consider when sentencing petitioner were things that she took into consideration when the parties negotiated a plea and sentencing agreement. (*Id.* at 16, 18.) Further, she maintained that, although certain things were not taken into consideration when the parties made their agreement, "everyone involved in [the] case was very aware of the level of danger that [the] co-defendants brought to [the] situation[]." (*Id.* at 17.) The prosecutor then recommended and asked the trial court to follow the sentencing agreement of twelve and one half to fifteen years. (*Id.* at 18.) She distinguished the unpublished case on which petitioner relied – *People v. Brontkowski*, No. 313002 (Mich. Ct. App. Mar. 25, 2014) – from petitioner's case on the basis that, in *Brontkowski*, the prosecutor had agreed to a more lenient sentence. (*Id.* at 19.) The prosecutor then repeated her request that the trial court sentence petitioner pursuant to the parties' agreement. (*Id.*)

Petitioner asserts that, during pre-sentencing discussions between the prosecutor and defense counsel, the prosecutor agreed that defense counsel could seek a sentence below the negotiated sentence and that the trial court had authority to impose such a sentence. Thus, he contends that the prosecutor acquiesced in his request for a more lenient sentence. But telling defense counsel that the prosecution had no objection to defense counsel making the argument is

9

different from consenting to the relief he sought.

The Court concludes that the prosecutor did not waive her right to contest the trial court's sentence. She may have forfeited her right to object to petitioner's sentence by not asking to withdraw the plea agreement when petitioner suggested a more lenient sentence, but she did not waive her right to object to the sentence.

2. Multiple Punishments for the Same Offense

Petitioner next argues that the state appellate court's decision subjects him to double jeopardy because he had an expectation of finality in the sentence which the trial court imposed. He points out that he was a cooperating witness and that the trial court determined in its post-judgment opinion and order that the sentence was valid. Petitioner contends that, on remand, he is at risk of (1) having the prosecution compel him to accept a harsher sentence, (2) being forced to withdraw from the plea and sentencing agreement and proceed to trial, and (3) being subjected to a mandatory life sentence without the possibility of parole if he is convicted of first-degree murder, as initially charged, following a trial. The Michigan Court of Appeals succinctly concluded on review of petitioner's claim that "remand for resentencing in the face of an invalid sentence does not violate double jeopardy principles." *Parker*, 2016 WL 6905723, at *4.

a. Legal Framework

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST., amend V. The Clause "is applicable to the states through the Fourteenth Amendment." *Benton v. Maryland*, 395 U.S. 784, 787 (1969). It "protects against a second

prosecution for the same offense after acquittal. It [also] protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (*quoting North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

Petitioner argues that a remand from the Michigan Court of Appeals to the trial for a resentencing hearing violates the third protection. "[I]n the multiple punishments context, [Double Jeopardy Clause protection] is 'limited to ensuring that the total punishment d[oes] not exceed that authorized by the legislature.'" *Jones v. Thomas*, 491 U.S. 376, 381 (1989) *(quoting United States v. Halper*, 490 U.S. 435, 450 (1989)); *see also United States v. DiFrancesco*, 449 U.S. 117, 139 (1980) (stating that "a defendant may not receive a greater sentence than the legislature has authorized"). "The key to the double jeopardy question where an increased sentence is imposed following a successful appeal of either a conviction or a sentence is the defendant's legitimate expectation of finality in the first sentence." *Gauntlett v. Kelley*, 849 F.2d 213, 218 (6th Cir. 1988). But the defendant has no "right to know at any specific moment in time what the exact limit of his punishment will turn out to be," *DiFrancesco*, 449 U.S. at 137, and he generally "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id*. at 136.

b. Application

Michigan Court Rule 6.429(A) authorizes the prosecution in a criminal case to move to correct an invalid sentence, and Mich. Comp. Laws § 770.12(2)(e) permits the prosecution to apply for leave to appeal a defendant's sentence following a guilty plea, provided that double jeopardy principles would not bar further proceedings against the defendant. "[T]he

Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." *DiFrancesco*, 449 U.S. at 137. Therefore, in the present case the prosecution was entitled to appeal the trial court's sentencing decision, and the question is whether petitioner nevertheless had a legitimate expectation of finality in his sentence of ten to fifteen years. The Court believes he did not.

Petitioner's cooperation with the prosecution went beyond what was initially expected of him. But he had already negotiated and agreed to a minimum sentence of twelve and one half years with knowledge that he would have to testify in multiple proceedings and that he would face some risks. Furthermore, under the Michigan Supreme Court's 1995 holding in *Siebert,* a defendant is petitioner's position knew or should have known that the trial judge's sentencing procedure in his case could be considered improper and that an appeal could lead to a more severe sentence.

The timing and extent of the prosecutor's objections to petitioner's proposal to reduce his sentence also weigh against a finding that petitioner had a legitimate expectation of finality in the sentence imposed, as the prosecutor asked the trial court at sentencing to uphold the parties' plea and sentencing agreement.

These factors militate against a finding that petitioner had a legitimate expectation of finality in his sentence of ten to fifteen years. The Court therefore finds no merit in petitioner's double jeopardy claim. To the extent that § 2254(d) applies, the state appellate court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent.

B. Due Process

In his second and final claim, petitioner argues that the decision of the Michigan Court of Appeals violates his right to due process because the prosecution's decision to appeal the trial court's sentence was a vindictive response to his exercise of the right to a fair sentencing hearing. None of the state courts addressed this claim.

"[D]ue Process prohibits an individual from being punished for exercising a protected statutory or constitutional right." *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) *(citing United States v. Goodwin*, 457 U.S. 368, 372 (1982)). The Due Process Clause, however, "is not offended by all possibilities of increased punishment . . . after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974).

> A defendant may establish prosecutorial vindictiveness through one of two approaches. First, a defendant may demonstrate "actual vindictiveness," i.e., he may establish through objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights. This showing, however, is "exceedingly difficult to make."
>
> Second, a defendant may establish that, in the particular factual situation presented, there existed a " 'realistic likelihood of vindictiveness' " for the prosecutor's action. A court may only presume an improper vindictive motive when a reasonable likelihood of vindictiveness exists. The petitioner must establish that (1) the prosecutor has "some 'stake' " in deterring the petitioner's exercise of his rights and (2) the prosecutor's conduct was somehow "unreasonable."

*Bragan v. Poindexter*, 249 F.3d 476, 481–82 (6th Cir. 2001) (citations omitted).

In the present case, there is no objective evidence that the prosecutor acted in bad faith or maliciously by contesting the trial court's sentence. There also is no evidence that he sought to punish petitioner for exercising his right to seek a lower sentence. Petitioner has

failed to demonstrate "actual vindictiveness."

Petitioner also has failed to show a realistic likelihood of vindictiveness. The successor prosecutor had no stake in deterring petitioner's exercise of his rights, and his conduct was not unreasonable. At the hearing on his motion to correct petitioner's sentence, he argued that the Michigan Supreme Court's decision in *Siebert* controlled and that the cases on which petitioner relied were distinguishable. He also made it clear that the prosecution simply wanted the trial court to enforce the parties' plea and sentencing agreement. On appeal, the successor prosecutor argued that the sentence was invalid under *Siebert*. He argued in favor of the sentence that petitioner initially negotiated and approved. The fact that the prosecutor prevailed on appeal is an indication that there was merit in his argument and that he was not being vindictive or unreasonable in appealing the sentence. Petitioner's due process clause lacks merit.

C. Petitioner's Motions for a Stay

In his motions for a stay, petitioner asks the Court to stay the state court's pretrial or sentencing proceeding until this Court has had an opportunity to resolve the underlying matter. Petitioner contends that the state appellate court's ruling is contrary to clearly establish constitutional law and that he is in jeopardy of being punished twice for the same offense, having his original sentence increased, and being subjected to a trial on charges that were dismissed pursuant to a plea and sentence agreement after he provided extensive cooperation.

Having resolved the double jeopardy and due process issues that petitioner raised in his habeas petitions, the Court finds it unnecessary to consider granting a stay. Accordingly, these motions are denied.

D. Petitioner's Motion for Discovery

14

In his motion for discovery, petitioner indicates he anticipates obtaining documents and deposing the trial prosecutor to verify discussions that took place before and after petitioner's sentencing. Petitioner seeks evidence to show that the prosecutor agreed with his request to seek a sentence below the sentence agreement.

Habeas petitioners are not entitled to discovery as a matter of course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). And while "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure, . . . the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Id.* at 909.

The relevant facts in this case are sufficiently set forth in the record currently before the Court. Therefore, petitioner's motion for discovery is denied.

IV. Conclusion and Order

Petitioner has not shown that he is in custody in violation of the Constitution. Furthermore, to the extent that 28 U.S.C. § 2254(d) applies here and that the Michigan Court of Appeals adjudicated at least one of petitioner's claims on the merits, its decision was not contrary to clearly established federal law, an unreasonable application of federal law, or an unreasonable determination of the facts. Accordingly,

IT IS ORDERED that the petition [docket entry 1] and the amended petition [docket entry 3] for a writ of habeas corpus are denied.

IT IS FURTHER ORDERED that petitioner's motion for a stay [docket entry 2] and amended motion for a stay [docket entry 4] are denied.

IT IS FURTHER ORDERED that petitioner's motion for discovery [docket entry 15] is denied.

IT IS FURTHER ORDERED that no certificate of appealability shall issue, because reasonable jurists could not debate whether the issues should have been resolved differently and whether the issues deserve encouragement to proceed further.

Dated: August 17, 2017
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U. S. Mail Addresses disclosed on the Notice of Electronic Filing on August 17, 2017.

s/Teresa McGovern
Case Manager Generalist